## NICHOLAS LARCO, Appellant, v. FREDERICK ROEDING, Respondent.

### No. 1614; June 30, 1868.

Appeal—Weighing of Evidence.—In the Absence of Distinct Findings of fact and conclusions of law, the evidence will be looked into no further on appeal than to see that there was some evidence tending to support the judgment of the court below.

Statute of Limitations—When Begins to Run.—Where a sum of money is to be paid by the debtor "when my circumstances hereafter may permit me," the statute of limitations runs from the time

the debtor has money to pay with, rather than from the time he can pay without inconvenience to his business.

Estate of Decedent.—In an Action by a Creditor of a Deceased person to establish a claim against the estate, rejected in the probate proceedings, an announcement by the court that the plaintiff's testimony, although admitted without objection, was not to be given the same weight as if the suit had been during the debtor's lifetime, is no ground for reversal, even if erroneous, in case the judgment is a proper one on the principal question.

APPEAL from Fourth Judicial District, San Francisco County.

B. S. Brooks for appellant; S. L. Johnson for respondent.

CROCKETT, J.—This action is founded on an instrument in writing in a foreign language, made by one Ihmels, the defendant's testator, in February, 1851, to the plaintiff; wherein, after acknowledging an indebtedness of eleven hundred and fifty-eight dollars to the plaintiff, he promises to pay it "when my circumstances hereafter may permit me"; or as the plaintiff's counsel claims is the correct translation "when my future circumstances shall permit it." Ihmels died in October, 1866, leaving a will, which was duly probated, wherein the defendant was appointed executor, and duly qualified as such. The plaintiff duly presented his demand to the executor for allowance, who refused to allow the same; and this action was commenced in February, 1867, to establish the demand as a valid claim against the estate.

The complaint, after setting out a copy of the instrument, and alleging that the debt remains unpaid, avers "that the circumstances of the said Ihmels posterior to the date of said instrument did not permit him to pay the same until within four years last past; but that after that date and before the death of said Ihmels he became able to pay the plaintiff's claim, and so continued up to the time of his death, and his executor is now able to pay the said claim out of the assets in his hands as executor."

The answer admits the execution of the instrument; but denies that the circumstances of Ihmels did not permit him to pay the demand until within four years next preceding his death, and avers the truth to be to the contrary; and as a defense relies on the statute of limitations.

On the trial the plaintiff and defendant were examined as witnesses, each on his own behalf, and other witnesses were also called. The court decided the cause for the defendant and entered judgment accordingly; but there were no findings, nor exceptions for want of findings. In making its decision, the court, amongst other things, announced that inasmuch as the claim was against the estate of a deceased person, the evidence was to be scrutinized more closely than if the suit was against Ihmels himself, and the same weight was not to be given to the testimony as it would have been entitled to if the suit had been against Ihmels; that notwithstanding the testimony of the plaintiff was admitted without objection, it was not entitled to the same weight as if Ihmels had been living; to which announcement the plaintiff excepted.

The plaintiff moved for a new trial, assigning as grounds: 1st, that the evidence was insufficient to justify the decision; specifying as the particulars that it did not appear from the evidence that the circumstances of Ihmels permitted him to pay the debt, until within four years before suit brought, nor that the cause of action accrued more than four years before his death; 2d, errors of law at the trial, assigning for the particulars the announcement of the court before mentioned; and that if the facts which the defendant's testimony tended to prove had been fully proved, they would not have shown that the action was barred by the statute.

The motion for new trial was denied and the plaintiff has appealed.

We do not propose to review the testimony as to the circumstances of Ihmels. There are no findings to inform us as to the facts which the court considered to be established, nor as to the particular conclusions of law which the court deduced from those facts. Whether or not the evidence was insufficient to justify the decision of the court is a question which we will not look into on appeal, further than to see that there was some evidence tending to support the judgment. In this case, it is plain there was some evidence of that character, whether the instrument be construed as an undertaking to pay as soon as he had the pecuniary ability to do so, or as a promise to pay as soon as he could do so without prejudice to his business. If the former is the proper

construction of the instrument, as we are inclined to think it is, the proof makes it clear beyond dispute that Ihmels was able to pay the debt many years before suit brought. And if the proper construction of the instrument be as the plaintiff claims, to wit, that Ihmels was not to pay until he could do so without injury to the mercantile business in which he was engaged, there was proof tending to support the judgment even upon this construction of the instrument. We have repeatedly held that in such cases we will not disturb the judgment.

The announcement by the court, in respect to the weight to be attached to the evidence, is no ground for reversing the judgment. It was only one of the reasons assigned by the court for its decision; and there may have been, and we think there were, other sufficient reasons to justify the judgment. If the court was wrong in being influenced by such considerations, we would not, for that reason, reverse a judgment which was proper on the whole case as made.

Judgment affirmed.

We concur: Sanderson, J.; Sprague, J.; Sawyer, C. J.